UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CHELMOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | No. 14 C 7283<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

In this suit against Defendant AT&T Mobility LLC ("Defendant"), *pro se* Plaintiff James Chelmowski ("Plaintiff") seeks to vacate an arbitration award pursuant to 9 U.S.C. § 10. This case is presently before the court on Defendant's motion to dismiss the complaint and confirm the arbitration award pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9 U.S.C. § 9. For the following reasons, I grant Defendant's motion in entirety.

## FACTS

Plaintiff is a former customer of Defendant who initiated an arbitration before the American Arbitration Association (the "AAA") on February 26, 2013. In this arbitration, Plaintiff alleged that Defendant refused to "port," or transfer, his cellular telephone number to another carrier and improperly deleted his voicemails. Plaintiff asserted claims for (1) breach of contract, (2) conversion, (3) fraud, (4) intentional infliction of emotional distress, and (5) violations of federal telecommunications regulations. Plaintiff asked the arbitrator to award more than $2.2 million in damages plus interest.

The AAA appointed Celeste Hammond, a law professor at the John Marshall Law School, as arbitrator. After Plaintiff took discovery from Defendant, Hammond conducted the

1

arbitration hearing in Chicago on May 29, 2014. At the hearing, Plaintiff testified about the issues he experienced and Defendant presented an expert witness who testified that the new carrier to whom Plaintiff wished to port his number was responsible for the failed port. Defendant also asserted a counterclaim for $345.88 in unpaid service charges and other costs. On July 14, 2014, Hammond rendered her final decision and determined that neither party met its burden of proof on its respective claims. After ruling that "all claims asserted by the parties are denied," Hammond ordered Defendant to pay the administrative fees of the arbitration as well as the arbitrator's compensation.

## PROCEDURAL PROFILE

Plaintiff filed its current complaint, titled "Complaint for Administrative Review," with the Circuit Court of Cook County, Chancery Division, on August 15, 2014. The Circuit Court's clerk's office issued a summons under the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq.*, and Defendant removed the case to this court on September 18, 2014.

Defendant's motion to dismiss was filed on September 25, 2014. Plaintiff filed a motion for discovery of Defendant's privilege log from the arbitration proceedings on October 20, 2014, and a motion for leave to file an amended complaint on January 8, 2015. Although Plaintiff's response to Defendant's motion to dismiss was due on November 11, 2014, Plaintiff did not file it until January 6, 2015.

## DISCUSSION

I.  **Plaintiff's Claims Under the Illinois Administrative Review Law**

Plaintiff titled his pleading, "Complaint for Administrative Review," and caused the Clerk of the Cook County Circuit Court to issue a summons under the Illinois Administrative Review Law, 735 ILCS § 5/3-101 *et seq.* These actions indicate that Plaintiff is attempting to

invoke the provisions of the Illinois Administrative Review Law in some measure. This law governs actions seeking judicial review of the decisions of Illinois administrative agencies. 735 ILCS § 5/3-102. As the allegations of Plaintiff's complaint make clear, however, the current dispute before the court does not relate to an Illinois administrative agency decision. Rather, this matter involves two private parties that have engaged in a private arbitration. Accordingly, the Administrative Review Law has no relevance to this dispute.

## II.     Plaintiff's Claims Under the Federal Arbitration Act

It must first be noted that Defendant erred by filing its motion under Rule 12(b)(6). This rule does not apply to the Federal Arbitration Act ("FAA"). Rather, under section 6 the FAA, 9 U.S.C. § 6, "[a]ny application to the court hereunder shall be made and heard provided by law for the making and hearing of motions." As the Seventh Circuit has noted, therefore, section 6 of the FAA removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 1, 81(a)(3); *Mical v. Glick*, 581 F. App'x 568, 570 (7th Cir. 2014); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570 (7th Cir. 2007); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1257–58 (7th Cir. 1992). This procedural error, however, is inconsequential in this case.

Defendant alleges that Plaintiff has failed to plead sufficient facts to warrant vacatur of the arbitration award. Section 10 of the FAA provides that awards can be vacated in certain limited circumstances. 9 U.S.C. § 10; *see, e.g., Halim v.Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008). In that regard, courts will not review arbitration decisions for legal or factual error. *See Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2006). Thinly veiled attempts to obtain appellate review of an arbitrator's decision are not permitted. *See, e.g., Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025–26 (7th Cir. 2013). Factual

or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards. *Id.* As the Supreme Court recently noted, "the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2071 (2013). That is because the "potential for" the arbitrator's "mistakes is the price of agreeing to arbitration." *Id.* at 2070. Accordingly, the "arbitrator's construction" of a contract "holds, however good, bad, or ugly." *Id.* at 2071.

Section 10 of the FAA provides only four circumstances in which a court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

Although Plaintiff argues that all of the conditions in 9 U.S.C. § 10(a) have been satisfied, the bulk of his complaint attacks the arbitrator's discovery and evidentiary rulings. Plaintiff argues that the arbitrator failed to follow various federal and state rules of procedure. Arbitrators, however, have wide latitude to conduct arbitration proceedings, and are not bound by judicial rules of procedure or evidence. *See Halim,* 516 F.3d at 563; *Generica Limited v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997). They accordingly have broad

4

discretion to administer discovery, and limitations on discovery do not provide grounds for vacatur.

Similarly, any contention by Plaintiff that the arbitrator's rulings departed from the AAA's own rules regarding discovery does not provide support for vacating an arbitration award. As the Seventh Circuit has explained, "[a]lthough we have great respect for the" AAA rules, "they are not the proper starting point for an inquiry into an award's validity under section 10 of the FAA," because those "arbitration rules . . . do not have the force of law." *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 680 (7th Cir. 1983).

Plaintiff's assertions that the award should be vacated because the arbitrator failed to render a reasoned decision and that the arbitrator's ruling was against the "manifest weight of the evidence" also fail. In response to Plaintiff's exaggerated claims and unrealistic seven-figure demand, Defendant explained how the issues regarding Plaintiff's voicemail and the porting of his phone number could be traced to Plaintiff's own actions. Given the ample evidence in the award, the arbitrator's ruling that Plaintiff had failed to fulfill his burden of proof was reasoned and entirely reasonable.

An arbitrator's decision will be disturbed only where "there is no possible interpretive route to the award." *See Johnson Controls*, 712 F.3d at 1026. In light of the evidence presented by Defendant that Plaintiff's problems were largely of his own making, a possible "interpretive route" to the ruling rendered by the arbitrator clearly existed. Although the arbitrator can hardly be accused of failing to explain her decision in this case, Plaintiff should have brought his concern to the arbitrator's attention if he was dissatisfied with the form of the arbitrator's award.

Defendant seeks confirmation of the award in its motion to dismiss. If a party seeks to confirm an arbitration award within a year of its entry, the court must do so unless the award has

5

been vacated or modified under sections 10 or 11 of the FAA. 9 U.S.C. § 9; *see also IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 650–51 (7th Cir. 2001) ("[I]f the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what that resolution is, he must confirm the award."). Because Plaintiff has failed to present this court with a reason to vacate or modify the award and Defendant has sought confirmation within one year of its entry, the award is confirmed.

## CONCLUSION

For the aforementioned reasons, I deny Plaintiff's application to vacate the arbitration award, and Plaintiff's motions for discovery and leave to file an amended complaint are denied as moot. Accordingly, I grant Defendant's motion to confirm the arbitration award pursuant to 9 U.S.C. § 9, and Plaintiff's complaint is dismissed.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 15, 2015